JERRY COLLIER LANE, ESQ.
Nevada Bar No. 1051
98 Colony Road
Reno, Nevada 89502
(775) 329-2936 Ext. 210
Fax (775) 785-8777
E-mail jlane@rsic.org
Attorney for Defendants

FILED ✓    ____ RECEIVED
____ ENTERED    ____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 13

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY_____    DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \* \*

ALBERT LUCAS HERNANDEZ )
)
          Plaintiff, ) CASE NUMBER 3:07-CV-0023-PMP (RAM)
)
vs. )
)
RENO-SPARKS TRIBAL COUNCIL,[1] et al.) )
)
         Defendants. )
)

## DEFENDANT RENO-SPARKS TRIBAL COUNCIL'S, DEFENDANT RENO-SPARKS TRIBAL COURT'S, AND DEFENDANT RENO-SPARKS TRIBAL POLICE DEPARTMENT'S MOTION TO DISMISS

Defendants Reno-Sparks Tribal Council, Reno-Sparks Tribal Court, and Reno-Sparks Tribal Police Department, all subordinate arms of the Reno-Sparks Indian Colony, a federally recognized Indian tribe,[2] by and through their Staff Attorney, JERRY COLLIER LANE, ESQ.,

---

[1] Plaintiff's Summons and Complaint incorrectly omitted the hyphen in "Reno-Sparks" and erroneously contained the term "Indian" in the name of the "Reno-Sparks Tribal Council".

[2] A tribal government organized under § 16 of the Indian Reorganization Act of 1934 (25 U.S.C. 476).

JERRY COLLIER LANE, ESQ.
STAFF ATTORNEY — RENO-SPARKS INDIAN COLONY
98 COLONY ROAD
RENO, NEVADA 89502
(775) 329-2936 FAX (775) 875-8777

hereby moves this Honorable Court for an Order of Dismissal, with prejudice, of the Civil

Rights Complaint Pursuant to 42 U.S.C. § 1983 on file herein, on the grounds of sovereign

immunity and lack of subject matter jurisdiction.

This motion is based upon the papers and pleadings on file herein, the Indian Civil

Rights Act, and the Points and Authorities set forth hereinbelow.

DATED this 10ᵗʰ day of June, 2007.

RENO-SPARKS INDIAN COLONY

JERRY COLLIER LANE, ESQ.
Staff Attorney
Nevada Bar No. 1051
98 Colony Road
Reno, Nevada 89502

Attorney for Defendants

## POINTS AND AUTHORITIES

I

## LACK OF SUBJECT MATTER JURISDICTION

Initially, one must note that Plaintiff's civil rights complaint recites that it is predicated

upon 42 U.S.C. § 1983. However, Title 42, Chapter 21, Subchapter I, § 1983 , Civil action for

deprivation of rights, expressly provides, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of *any State or Territory or the District of Columbia*, subjects, or causes
> to be subjected, any citizen of the United States or other person within the

- 2 -

JERRY COLLIER LANE, ESQ.
STAFF ATTORNEY — RENO-SPARKS INDIAN COLONY
98 COLONY ROAD
RENO, NEVADA 89502
(775) 329-2936 FAX (775) 875-8777

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . ." (Emphasis added.)

Of the three named Defendants in the Complaints on file herein, not one is a State, a Territory, or the District of Columbia. *A fortiori*, this Honorable Court lacks subject matter jurisdiction to hear and determine Plaintiff's complaints based upon the United States Code, Title 42, Chapter 21, Subchapter I, § 1983 , Civil action for deprivation of rights.

Historically, the source of federal governmental power and authority over the regulation of commerce with Indian Tribes is found in Section 8, of Article 1 of the United States Constitution, in which, among the list of powers granted to Congress, is found, in Clause 3 thereof, "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;"

At the commencement of the twentieth century, the United States Supreme Court stated, in *Lone Wolf v. Hitchcock*, 187 U.S. 553 , 23 S.Ct. 216, 47 L.Ed. 299 (1903), in deciding a case in which a Congressional enactment of June 6, 1900, dealing with a change in the form of investment of Indian tribal property, was challenged, concluded:

"In any event, as Congress possessed full power in the matter, the judiciary cannot question or inquire into the motives which prompted the enactment of this legislation. If injury was occasioned, which we do not wish to be understood as implying, by the use made by Congress of its power, relief must be sought by an appeal to that body for redress, and not to the courts. The legislation in question was constitutional, and the demurrer to the bill was therefore rightly sustained."

JERRY COLLIER LANE, ESQ.
STAFF ATTORNEY — RENO-SPARKS INDIAN COLONY
98 COLONY ROAD
RENO, NEVADA 89502
(775) 329-2936 FAX (775) 875-8777

The Indian Civil Rights Act was enacted in 1968, and during the following ten years, it was generally believed that federal courts had thereby been granted power to hear and decide claims of civil rights violations by tribal governments. As a matter of historical fact, federal courts did hear approximately 80 cases involving the application of the Indian Civil Rights Act during the aforementioned 10-year period.

However, in 1978 the United. States Supreme Court decided the case of *Santa Clara Pueblo v. Martinez,* 439 U.S. 49, 98 S.Ct. 1670, (1978), in which the court, referring back to *Lone Wolf,* held in accord therewith:

> "Congress has plenary authority to limit, modify or eliminate the powers of local self-government which the tribes otherwise possess."

The Supreme Court also held, in *Santa Clara Pueblo, supra,* that the Indian Civil Rights Act does not allow actions against an Indian tribe in federal court for deprivation of substantive rights, except for habeas corpus proceedings. Therefore, all other claims of violation of civil rights under the Indian Civil Rights Act must be litigated in tribal courts.

## II

## SOVEREIGN IMMUNITY

Separate and distinct from the fatal flaw in Plaintiff's Complaint on file herein, *i.e.,* that he elected to file suit under a specific federal statute[3] that expressly limits the categories of

---

[3] United States Code, Title 42, Chapter 21, Subchapter I, § 1983 , Civil action for deprivation of rights.

JERRY COLLIER LANE, ESQ.
STAFF ATTORNEY — RENO-SPARKS INDIAN COLONY
98 COLONY ROAD
RENO, NEVADA 89502
(775) 329-2936  FAX (775) 875-8777

potential defendants against whom an action thereunder may be filed,[4] is a second fatal flaw, *viz.*, Plaintiff's failure to recognize the sovereign immunity of the Defendants, as arms of the tribal government of the Reno-Sparks Indian Colony. Indian tribes are sovereign over tribal members and tribal land.[5]

Plaintiff, after having had his civil suit for money damages dismissed by the Reno-Sparks Tribal Court as a frivolous suit, now inappropriately seeks to invoke this Court's time and judicial energy in a similar pursuit.

However, in the interest of judicial economy and a fair, just, and equitable resolution to this matter, Defendants respectfully ask this Court to issue an Order Granting this Motion To Dismiss, on the grounds set forth herein.

DATED this 12th day of June, 2007.

JERRY COLLIER LANE, ESQ.
Staff Attorney of the Reno-Sparks Indian Colony

JERRY COLLIER LANE, ESQ.
98 Colony Road
Reno, Nevada 89502

Attorney for Defendants.

---

[4] "any State or Territory or the District of Columbia".

[5] *See,* United States v. Mazurie, 419 U.S. 544; *see, also,* United States Code, Title 25, Chapter 39, Subchapter III, § 3746, Tribal immunity: "Nothing in this chapter shall be construed to affect, modify, diminish, or otherwise impair the sovereign immunity from suit enjoyed by Indian tribes."

JERRY COLLIER LANE, ESQ.
STAFF ATTORNEY — RENO-SPARKS INDIAN COLONY
98 COLONY ROAD
RENO, NEVADA 89502
(775) 329-2936 FAX (775) 875-8777

**CERTIFICATE OF SERVICE**

The undersigned, ALICIA WADSWORTH, Executive Secretary to the Tribal Chairman

of the RENO-SPARKS INDIAN COLONY, hereby certifies that, on the 12th day of June, 2007,

copies of the foregoing DEFENDANT RENO-SPARKS TRIBAL COUNCIL'S, DEFENDANT

RENO-SPARKS TRIBAL COURT'S, AND DEFENDANT RENO-SPARKS TRIBAL

POLICE DEPARTMENT'S MOTION TO DISMISS were deposited with the United States

Postal Service, First Class postage prepaid, addressed as follows:

| | |
|---|---|
| Albert Hernandez | Reno-Sparks Tribal Court |
| 18½ Reservation Road | 1900 Prosperity |
| Reno, NV 89502 | Reno, NV 89502 |
| | |
| Larry Cooley, Chief | Reno-Sparks Tribal Council |
| RSIC Police Department | Arlan D. Melendez, Chairman |
| 98 Colony Road | 98 Colony Road |
| Reno, NV 89502 | Reno, NV 89502 |

DATED this 12th day of June, 2007

*Alicia Wadsworth*

Alicia Wadsworth, Executive Secretary

Reno-Sparks Indian Colony

98 Colony Road

Reno, Nevada 89502

JERRY COLLIER LANE, ESQ.
STAFF ATTORNEY — RENO-SPARKS INDIAN COLONY
98 COLONY ROAD
RENO, NEVADA 89502
(775) 329-2936  FAX (775) 875-8777